## In re INTERNATIONAL DISTRIBUTION CENTERS, INC.

### Nos. 86 Civ. 6297 (RLC) and 86 Civ. 6364 (RLC)–86 Civ. 6370 (RLC).

United States District Court,
S.D. New York.

April 30, 1987.

---

Rosenberg, Rosenberg & Koral, Brooklyn, N.Y., for debtor.

Goldfinger & Lassar, New York City, for Val Russ Realty Corp.

Booth, Marcus & Pierce, New York City, for Official Committee Of Unsecured Creditors; Paul N. Silverstein, of counsel.

Hellring Lindeman Goldstein Siegal & Greenberg, Newark, N.J., for appellant Malcolm A. Hoffman; John A. Adler, of counsel.

Gerald Eskow, pro se.

Leonard Ivans, pro se.

Frederick A. Hoffman, pro se.

### AMENDED OPINION

ROBERT L. CARTER, Senior District Judge.

This appeal from an order of the bankruptcy court, *In re International Distribution Centers, Inc.*, No. 85 B 11140 (Bankr.S.D.N.Y. June 24, 1986), raises the issue whether the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, authorizes a person to perform the duties of both an examiner and a trustee in a single case.

The debtor in bankruptcy is International Distribution Centers, Inc. ("IDC"), formerly a trucking company serving the garment industry. IDC filed a Chapter 11 petition on July 15, 1985,[1] and on August 1, 1985, a creditors' committee was appointed. On March 7, 1986, the committee moved before the bankruptcy court for appointment of a trustee, citing IDC's continuing financial losses and its failure to pay federal and state payroll taxes. Shortly thereafter, the bankruptcy court ordered the appointment of an examiner pursuant to 11 U.S.C. §§ 1104(b), 151104(b), and George T. Dormer was so appointed.

---

1. Ironically, only weeks earlier, Judge Keenan had issued an amended antitrust judgment totalling over 38 million dollars in favor of IDC. Recently, however, the Court of Appeals for the Second Circuit reversed the judgment in full. *See International Distribution Centers, Inc. v. Walsh Trucking Co.*, 812 F.2d 786 (2d Cir.1987).

On June 24, 1986, the debtor brought an emergency motion before the bankruptcy court, Judge Blackshear presiding. At a hearing on the motion, IDC disclosed that one day earlier it had entered into a consent order with the Interstate Commerce Commission. The consent order provided for termination of IDC's operations based on its failure over the previous two months to carry cargo insurance in compliance with federal law. By way of the emergency motion, IDC sought permission to contract with third parties to complete delivery of goods then in transit.

During the course of the hearing, the creditors' committee, joined by the United States Trustee, countered the debtor's emergency motion with an oral application to expand the examiner's powers to encompass those of a trustee.

Judge Blackshear granted the committee's application, delegating to Dormer the duties that IDC was seeking permission to perform. He further, more generally, delegated to the examiner the duties and powers of a trustee. The bankruptcy court's order reads in part:

> Ordered, that ... the powers of the Examiner heretofore appointed in this case pursuant to 11 U.S.C. §§ 1104 and 151104, be, and the same hereby are expanded to encompass all powers described in 11 U.S.C. § 1106(a); and it is further
>
> Ordered, that the Debtor and Debtor in Possession shall perform the duties of a trustee except to the extent as may be requested by the Examiner.[2]

2. In issuing the order, Judge Blackshear commented to IDC's attorney:

> I don't know if your client based on the record that is before me today is the person to look at it in such a way that he can make an independent judgment as to the best route he can go.
>
> I think that I need somebody else in there just based on past performance of your particular client and based upon the record that's made before me here today, I think I am inclined to expand the powers of the Examiner.
>
> ...

## DISCUSSION

The standards of review on this appeal are well-established. The bankruptcy judge's findings of fact must be upheld unless clearly erroneous. Bankruptcy Rule 8013; *see In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983). His conclusions of law, however, are freely reviewable and subject to the district court's independent determination of the legal issues. *In re Abramson*, 715 F.2d 934, 938 (5th Cir.1983); *In re Tesmetges*, 47 B.R. 385 (E.D.N.Y.1984). This appeal is strictly a legal challenge and no factual findings are in the dispute.[3] Thus, the broader standard of review applies and no presumption of correctness attaches to the bankruptcy court's order. *See Stewart v. Jones*, 35 B.R. 392, 394 (S.D.Ala.1983).

Appellants contend that the bankruptcy court's order was legally erroneous for two reasons: (1) it conferred the powers of a trustee upon a person already serving as examiner in the case, in violation of 11 U.S.C. § 321(b); and (2) it was issued without due notice and a hearing, as required by 11 U.S.C. § 1104(a). Because, as explained below, the expansion of the examiner's powers in this case was in violation of the plain language of section 321(b), appellants' procedural complaint need not be addressed.

Section 321 is entitled "Eligibility to serve as trustee." 11 U.S.C. § 321. The eligibility requirement set forth in subsection 321(b) states in full: "A person that has served as an examiner in the case may not serve as trustee in the case." 11 U.S.C. § 321(b). The subsection does not provide exceptions, nor does it give any

> ... [W]hat I want to do is to on the record so order the expansion of the Examiner's powers pursuant to 11 U.S.C. 1106(b) that he has the powers as enumerated in 1106, that the Examiner in this matter will have the duties of a Trustee as outlined in 1106(a)....

Hearing Transcript at 48–50, *In re International Distribution Centers, Inc.*, No. 85 B 11140 (Bankr.S.D.N.Y. June 24, 1986).

3. In particular, the appeal raises no issue, and the court expresses no opinion, as to the factual basis for the bankruptcy court's decision that the services of a trustee were necessary or appropriate.

indication that a bankruptcy court may exercise discretion to avoid the statute's command. In short, the 321(b) requirement is mandatory. 2 *Collier on Bankruptcy* § 321.01 at 321–2 (15th ed. 1986).

The creditors' committee nevertheless makes·two arguments in favor of the bankruptcy court's delegation of the powers of a trustee to Dormer. First, the committee submits that Judge Blackshear did not *appoint* Dormer as trustee but merely expanded his powers as an examiner, so that subsection 321(b) was inapplicable to the order. Second, it contends that even if the statute does apply, it should not be read with blind literalism.

If blind literalism is an evil, the committee's first contention falls prey to it: The committee's suggestion seems to be that the bankruptcy court may not call the examiner a trustee, but it may vest him with a trustee's powers. Congress's concern, however, was not likely with the titles of officers in a bankruptcy case. The statutory command of subsection 321(b) is not to be circumvented by a simple change of name.

The committee's second argument raises somewhat more substantive concerns, because it urges reconsideration of Congress's intent in enacting subsection 321(b). Ordinarily, one must assume that a statute means what it says. N. Singer, *Sutherland Statutory Construction* § 46.01 (4th ed. 1984). The legislative history in this case invites the same conclusion: "Section 321 indicates that an examiner may not serve as a trustee in the case." 124 Cong. Rec. S17406 (Oct. 6, 1978) (statement of Sen. DeConcini), *reprinted in* 1978 U.S. Code Cong. & Ad.News 6510; 124 Cong.

Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S. Code Cong. & Ad.News 6442.

Nevertheless, the committee posits an interpretation which purportedly belies the plain language of the statute. Congress's intention, according to the committee, was to eliminate any possible appearance of conflict of interest or impropriety which might arise if the examiner could issue a report or otherwise use his position to gain appointment as trustee. The bankruptcy court's order in this case need not be held to the letter of subsection 321(b), the committee concludes, because "[t]he examiner did not seek to have his duties expanded nor was the expansion of the Examiner's powers in any way related to his report." Appellee's Corrected Brief at 17.

As has already been pointed out, however, the statute does not make room for maneuvers around it. It simply disqualifies any person who serves as examiner from serving as trustee in the same case. It may well be that Congress intended by this disqualification to avoid conflicts of interest. *See In re Carnegie International Corp.*, 51 B.R. 252, 254 (Bankr.S.D.Ind. 1984); 5 *Collier on Bankruptcy* § 1104.04 at 1104–36 (15 ed. 1986). Whatever Congress's aim may have been, however, it chose as its means to eliminate peremptorily the dual examiner-trustee role in all cases, not merely those where a conflict of interest has been shown.

It is true that subsection 1106(b) assigns to the examiner the investigative and reporting duties of a trustee, and such other of the trustee's duties as the bankruptcy court orders the debtor in possession not to perform.[4] In isolation, this provision would

---

**4.** Section 1106 provides in pertinent part:

*Duties of trustee and examiner*

  (a) A trustee shall—

  .    .    .    .    .

  (3) except to the extent·that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

  (4) as soon as practicable—

    (A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

    (B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates;

  .    .    .    .

seem to allow exactly what section 321 forbids, that is, the unlimited delegation of a trustee's powers to the examiner.

Read in the light of its legislative history and in conjunction with section 321, however, the apparent contradiction disappears. The legislative history of subsection 1106(b) shows that Congress envisioned distinct roles for the trustee and the examiner. As opposed to a trustee's accountability for administration of the estate, an examiner's duties are primarily investigative. As the House Report states:

> A trustee would not necessarily be needed to investigate midconduct [sic] of former management of the debtor, because an examiner appointed under this section might well be able to serve that function adequately without displacing the current management. ... Though the device of examiner appears in current chapter X, it is rarely used because of the nearly absolute presumption in favor of the appointment of a trustee.

*See* H.Rep. No. 595, 95th Cong., 2d Sess. 402–04 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6358–60; S.Rep. No. 989, 95th Cong., 2d Sess. 115–16 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5901–02.

Additional duties which the bankruptcy court in its discretion may delegate to an examiner should be understood as consistent with the investigative rubric: "Subsection [1106](b) gives the trustee's *investigative* duties to an examiner, if one is appointed. The court is authorized to give the examiner additional duties as the circumstances warrant." S.Rep. No. 989, 95th Cong., 2d Sess. 116 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5902 (emphasis added); H.Rep. No. 595, 95th Cong., 1st Sess. 404 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6360 (same); *cf. In re Carnegie International Corp., supra,* 51 B.R. at 254–57 (bankrupt-

cy court may expand powers of examiner to include prosecution of actions in the names of the debtors in possession and for the benefit of the estate).

The bankruptcy court obviously must be afforded flexibility to fashion the examiner's powers as specific circumstances may require. However, to override Congress's distinction between the roles of examiner and trustee, or to render the examiner a "pseudo-trustee," is beyond the bankruptcy court's discretion. 5 *Collier on Bankruptcy* § 1106.02[5] at 1106–42 (15th ed. 1986). Because the bankruptcy court abused its discretion, its order expanding the examiner's powers to include those of a trustee is reversed.

The case is remanded to the bankruptcy court for further proceedings consistent with this opinion.[5]

IT IS SO ORDERED.

---

(b) An examiner appointed under section 1104(c) of this title shall perform the duties specified in paragraphs (3) and (4) of subsection (a) of this section, and any other duties of the trustee that the court orders the debtor in possession not to perform.

11 U.S.C. § 1106.

5. The bankruptcy court may wish to consider whether, in light of the decision of the court of appeals in *International Distribution Centers, Inc. v. Walsh Trucking Co.,* 812 F.2d 786 (2d Cir.1987), the appointment of a trustee at this time is appropriate. *See* note 1 *supra.*