314 B.R. 555 (2004)
In re MIRANT CORP., et al., Debtors.
No. 03-46590-DML.
United States Bankruptcy Court, N.D. Texas, Fort Worth Division.
July 30, 2004.
*556 Michelle C. Campbell, White & Case, Los Angeles, CA, Paul B. Carberry, White and Case LLP, New York, NY, Judith Elkin, Mark Joseph Elmore, Robin Eric Phelan, Frances Anne Smith, Amy M. Walters, Haynes & Boone, Dallas, TX, Vincent R. Fitzpatrick, Jr., Thomas E. Lauria, Bryan A. Merryman, Maria K. Pum, White and Case LLP, Miami, FL, Ian T. Peck, John David Penn, Haynes and Boone, LLP, Fort Worth, TX, Jeff P. Prostok, Forshey and Prostok, Fort Worth, TX, John H. Sturc, Gibson, Dunn and Crutcher, Washington, DC, for Debtors.

MEMORANDUM ORDER EXPANDING ROLE OF EXAMINER
DENNIS MICHAEL LYNN, Bankruptcy Judge.
These chapter 11 cases involve Mirant Corp. ("Mirant") and 82 of its direct or indirect subsidiaries ("Debtors," collectively).[1] The first filing occurred on July 14, 2003, and most of the related cases were commenced immediately thereafter. An official committee of unsecured creditors for Mirant Corp. (the "Mirant Committee") was appointed pursuant to section 1102 of the Bankruptcy Code (the "Code").[2] The United States Trustee (the "UST") has also appointed committees to represent the creditors of Mirant Americas Generating, LLC ("MAG" and the "MAG Committee") and stockholders of Mirant (the "Equity Committee").
*557 On March 19, 2004, Citibank, NA, a creditor of Mirant, asked, pursuant to section 1104(c) of the Code, that the court direct appointment of an examiner. On April 7, 2004, the court entered an order directing that the UST select an examiner to perform certain monitoring and investigating duties. On April 13, the UST, following consultation with parties in these cases, asked the court to approve Mr. William K. Snyder as the Examiner, and the court entered its order approving that appointment the same day. Shortly thereafter, following consultations among the parties, on April 29, 2004, the court entered its Order Defining Role of Examiner. That order was amended and restated on May 27, and again on July 7 (each, the "Examiner Order") with the agreement of the parties but without making significant changes in the Examiner's Role.
On June 30, the Examiner filed his first report (the "Report"). In a recent pleading filed by the MAG Committee, asking that the Debtors be compelled to purchase a hedge for the benefit of a MAG subsidiary, Mirant Mid-Atlantic, LLC ("MIRMA"), expansion of the Examiner's powers is sought as alternative relief.[3] The Equity Committee has also moved the court to add to the Examiner's duties. The court itself has independently concluded that it is necessary and appropriate to expand the role of the Examiner.
The court acts sua sponte. That a court has the power, under Code § 105(a),[4] to appoint an examiner on its own motion is well-settled law. See In re First American Health Care of Ga., Inc., 208 B.R. 992, 994 (Bankr.S.D.Ga.1996) (stating that the "plain language of the Code and the clear weight of authority" authorizes the court to sua sponte appoint an examiner); In re Public Serv. Co. of N.H., 99 B.R. 177, 182 (Bankr.D.N.H.1989) (stating that the court has "the power to sua sponte appoint an examiner"); In re UNR Indus., Inc., 72 B.R. 789, 795 (Bankr.N.D.Ill.1987) ("Under Section 105(a) the Court on its own motion can move for the appointment of an examiner."). See also 7 COLLIER ON BANKRUPTCY ¶ 1104.03[1] (15th ed. rev.1998); 4 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 79:22 (1995).
It is also well-established that the bankruptcy court has considerable discretion in designing an examiner's role. Though the wording of section 1106(b) of the Code is awkward,[5] the courts have read it as permitting a designer approach to assignments given examiners. See In re Boileau, 736 F.2d 503, 506 (9th Cir.1984) (examiner with "expanded powers" permitted to waive debtor's attorney client privilege); Franklin-Lee Homes, Inc. v. First Union Nat'l Bank of N.C., NA (In re Franklin-Lee Homes, Inc.), 102 B.R. 477, 481 (D.N.C.1989) ("court authorized to give the examiner additional duties as the circumstances warrant" under section 1106(b)); Weld ex rel. Patton's Busy Bee Disposal Serv., Inc. v. Robert A. Sweeney *558 Agency (In re Patton's Busy Bee Disposal Serv., Inc.), 182 B.R. 681, 686 (Bankr.W.D.N.Y.1995) (examiner authorized to initiate adversary proceedings to enforce avoidance powers); In re Apex Oil Co., 111 B.R. 235, 237 (Bankr.E.D.Mo.1990) (examiner to facilitate settlements and issue resolutions); In re Public Serv. Co. of N.H., 99 B.R. 177, 182-83 (Bankr.D.N.H.1989) (examiner to assist court in understanding complex utility rate setting rules); In re UNR Indus., Inc., 72 B.R. 789, 795-96 (Bankr.N.D.Ill.1987) (examiner to mediate deadlocked plan negotiations); In re Jartran, Inc., 78 B.R. 524, 528 (Bankr.N.D.Ill.1987) (examiner to investigate alleged conflicts or potential for conflicts between debtor and sole shareholder of debtor); In re Carnegie Int'l Corp., 51 B.R. 252, 256-57 (Bankr.S.D.Ind.1984) (court permitted to expand duties of examiner to include prosecution of actions in the names of the debtors in possession and for the benefit of the estate); In re Liberal Market, Inc., 11 B.R. 742, 745-46 (Bankr.S.D.Ohio 1981) (examiner to examine debtor's management for fraud, incompetence, and mismanagement and to control business operations upon approval of the creditors' committee).
The court concludes that sections 105(a) and 1106(b) give it the ability to tailor the Examiner's mandate to suit the specific needs of these chapter 11 cases. In doing so, mindful of the phraseology of section 1106(b), the court holds that a given duty of a chapter 11 trustee (under sections 1106(a) and 704 of the Code) may be shared by the Examiner and Debtors on a situation-by-situation basis or otherwise. The court also considers clear that the Examiner may be granted most of the participatory rights of a party in interest (§ 1109) and, if appropriate, rights or duties beyond those of most parties in interest.[6]
The foregoing analysis of the tools available to it to expand the Examiner's role demonstrates the court's authority to act. The court must now turn to the reasons for its decision to do so.
Because of recent, never-before-raised objections by the MAG Committee, the court does not intend to continue its year-old practice of convening in this case monthly status conferences, nor will it closely monitor the progress of "agreed" orders, the status of pending matters, discovery in complex adversaries and specific logistical needs of the parties. Through these activities the court hitherto has been able to keep close track of these cases.[7] *559 For the reasons to which the court now turns, the court feels it is necessary to Debtors' effective and efficient reorganization and, indeed, to the public interest in reorganization cases, proper corporate governance and the conduct of fiduciaries that a neutral party, the Examiner,[8] be sufficiently empowered and involved in these cases to ensure their proper prosecution.
Though the court's conclusion that expansion of the Examiner's role is necessary is based on the totality of the record in these cases, there are a number of factors that have been particularly persuasive to the court. A brief review of these follows:
1. As discussed above, the court has attempted to create an environment congenial to the efficient reorganization of these Debtors. The court entered the Protection Order, the Compensation Orders and the Continued Trading Order in aid of that effort and with the expectation that, in lieu of the controls thereby diminished, the court would be able to police the parties and professionals in these cases. The court is reluctant to alter the Protection Order or the Compensation Orders,[9] because parties and professionals have acted in reliance on them. The court thus requires a new means of oversight to ensure that parties and professionals do not abuse the freedom they have gained through the Protection Order and the Compensation Orders.
2. These cases relate to 83 debtors that have been operated as a single enterprise. There are many inter-Debtor contracts, shared assets, and there is a significant concentration of debt at least four of the Debtors[10] (Mirant, MAG, MIRMA and Mirant Americas Energy Marketing, LP ("MAEM")). All of the Debtors are operated by the same management and use the same professionals.[11] *560 The MAG Committee and the Mirant Committee owe duties to creditors of MAG's and Mirant's subsidiaries. Naturally, intercompany transactions and intercompany debt offer the potential for conflict. The Examiner Order already addresses potential conflicts  but only if a party brings a possible conflict to the Examiner's attention will he investigate it. Due to the possible conflicts Debtors and the two creditors' committees face and limitations on court oversight, closer supervision by the Examiner is now necessary.
3. Many entities and individuals active in these cases face exposure at different levels. For example, Citibank, NA, whose representative serves as chair of the Mirant Committee, was an underwriter for debt issued by MAG  and, thus, potentially a defendant in litigation of MAG's behalf. Officers of Debtors are defendants in certain securities fraud suits brought, inter alia, by the MAG Committee's counsel. Under the Continued Trading Order, entities represented on committees continue to trade in debt of, at least, Mirant and MAG. These and other, similar potential conflicts require the presence in these cases of an empowered neutral.
4. There has been turnover of key personnel. The Mirant Committee has been reconstituted a number of times and recently replaced most of its professionals. Debtors have lost a number of key employees, have changed chief reorganization officers and chief financial officers. Yet now is the time when the parties should be exchanging ideas for reorganization plans  not breaking in new personnel anxious to prove themselves. With encouragement and guidance the parties may yet achieve efficiently a feasible reorganization that provides substantially fair treatment, consistent with the requirements of the Code, for all interested parties. As the court cannot facilitate the process as it heretofore has, it now must look to the Examiner to ensure that these cases do not fall into chaos, a state sometimes perceived as advantageous for a party that wishes to use its strategic position to bully competing classes of creditors.
5. The court has perceived a number of troubling instances of mistakes concerning information and even of an absence of professionalism. Examples of the former include (a) the Mirant Committee's insistence that its professionals were not getting good information from Debtors, followed by Ronald Goldstein's apparently contradictory testimony in support of the need of the Mirant Committee to change professionals; and (b) Debtors' apparent underdisclosures *561 ( described in the Report) in connection with its Key Employee Retention Plan. As to unprofessional conduct, there have been allegations on several occasions that one or another of counsel representing a fiduciary reneged on a promise. While the court hopes  and for now assumes  that miscommunications and misunderstandings led to these failings, the court wishes to ensure that less of its time is given to rhetoric designed for mind-poisoning and that further confusion not distract from the proper business of the court and the parties. Should there, in fact, be misconduct, it should be dealt with pursuant to FED. R. BANKR. P. 9011, section 501(c) of the Code or 18 U.S.C. § 152 (or other appropriate provision of title 18), as may be called for under the circumstances. Again, the court must look to the Examiner for assurance that all parties are negotiating in good faith and that any wrongful conduct (or pattern of conduct) is brought to the attention of the court and other authorities.
The preceding five examples provide a sense of the court's concerns.[12] The court notes that it does not presently harbor mistrust for any entity or professional participating in these cases. However, the dynamics of the cases, Debtors' corporate structure, the nature of Debtors' business, the variables in these chapter 11 cases and in the market place, the orphan creditor constituencies, some represented only second hand by a committee, and the variety of agendas that professionals, Debtors' management and committee members may have, as well as other factors, make for a volatile situation. The court cannot but be concerned that one or more parties might try  or appear  to exploit this situation to the detriment of the reorganization process and the public good. Thus, it is
ORDERED that, in addition to the duties and authority set forth in the Examiner Order, the Examiner shall have the following duties and authority:
1. The Examiner shall hold a monthly status conference regarding these chapter 11 cases in order to monitor the progress and conduct of these cases. Such status conferences shall be on notice to entities entitled to notice pursuant to FED. R. BANKR. P. 2002(i), and any party in interest in these cases may attend any such conference through counsel. The Examiner shall make a recording of each such status conference which shall not be provided to any entity (including the court) absent order of the court upon cause shown.
2. The Examiner shall identify any issue of fact or law in these cases resolution of which may be necessary or useful to advancement of the reorganization of these Debtors. The Examiner may take such steps as are consistent with his duty to remain neutral as among Debtors' estates in order to resolve any such issue (other than an issue involving employment or compensation of a professional). In the event any such issue cannot be resolved through negotiation or mediation, the Examiner shall consult with Debtors, the Mirant Committee, the MAG Committee and the Equity Committee (collectively, the "Fiduciaries") and any other party having an interest in the *562 issue over how and when such issue should be resolved through litigation. In the event no party commences litigation to resolve such an issue, the Examiner may seek court authority to commence such litigation unless to do so would compromise his neutrality as to each of Debtors' estates. In the latter event, he shall report to the court concerning the nature of the issue in the next Examiner's report. Examples of issues of the type described in this paragraph include substantive consolidation of all or some of Debtors, resolution of intercompany claims and the valuation for purposes of the plan of one or more of Debtors.
3. The Examiner may take a position on any motion. The Examiner shall advise the court, in connection with hearing by the court of any contested matter, whether or not any Fiduciary that is a party to such contested matter has made a good faith effort to resolve such contested matter without the need for litigation.
4. The Examiner may, and at the court's direction shall, maintain such notional accounting records for Debtors as may be useful in connection with ongoing efforts to resolve issues of risk-bearing.
5. The Examiner may investigate any aspect of Debtors' operations to ensure fair dealing among Debtors and may investigate any basis that may exist for pursuing litigation in or in connection with these cases. The Examiner may request the court to limit or delay investigation of any issue by a Fiduciary in order to permit the Examiner to conduct such investigation of such issue as he deems appropriate.
6. The Examiner shall monitor negotiations among the parties regarding a plan or plans of reorganization for one or more of Debtors. Upon the request of one or more Fiduciaries, the Examiner may participate in such negotiations, but only as a mediator. The Examiner, in his reports, shall advise the court concerning (a) progress in negotiations, (b) whether or not each Fiduciary is negotiating in good faith and (c) what procedures the court might implement to advance and facilitate the negotiating process.
7. The Examiner shall investigate any conduct by a Protected Person (as that term is used in the Protection Order) or Fiduciary which may, in the Examiner's judgment, constitute a breach of any duty to a Fiduciary's constituency, the estate of any Debtor or the court. In performing his duties under this paragraph, the Examiner shall always keep in mind the specific duties owed by each of the Fiduciaries (i.e., to which constituents and which estates). The Examiner may, if necessary in aid of this paragraph, employ investigators with the approval of the UST upon Application to this court under seal and after such hearing as the court or UST may require. Such seal, absent cause shown, shall dissolve automatically 180 days after its imposition. Regarding any Protected Person the Examiner may, as appropriate, invoke or act under Fed. R. Bankr. P. 9011 or 18 U.S.C. § 3059. The Examiner shall report to the court and the UST if he determines that any Protected Person has violated Rule 9011 or should be prosecuted for an act or a series of acts (including a series of acts in these *563 cases and other cases) under title 18 of the United States Code.
8. The Examiner shall nominate a representative to the Fee Committee. The Examiner may object to or comment on any request for compensation and the retention or continued retention of a professional by a Fiduciary.
9. The court being concerned because of, inter alia, the turn-over on committees, the Examiner is directed to review and monitor the operation and observance of the Continued Trading Order. The Examiner shall report to the court if, through misapplication or otherwise, the Continued Trading Order is not consistent with the public interest and the efficient reorganization of Debtors.
And it is, further
ORDERED that the Examiner shall file reports (1) every other month by the 10th day of the month, beginning October 10, 2004 and (2) at any other time he deems necessary; and it is further
ORDERED that the quarterly rolling average Examiner's budget described in ¶ 3 of the pre-decretal portion of the Examiner Order shall be deemed to read $900,000; and it is further
ORDERED that nothing herein shall limit the powers, authority, duties or responsibilities of any Fiduciary or limit any Fiduciary's right to be heard or to commence or contest proceedings in this court; and it is further
ORDERED that the Examiner shall not assume or exercise any authority over operations of the Debtors; nothing in this order may be deemed by any entity in or in connection with these cases to constitute a default by any Debtor under any agreement or prior order of this court; provided, however, any entity may seek from the court relief from this decretal provision for cause. *564 

Exhibit "A"
Liabilities of Mirant Corp. and Affiliated Debtors* Date of Compilation: July 28, 2004
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 ** Debtor Case*** Doc. Secured Unsec. Priority Unsec. Non-Priority A/P Intercompany Other
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 1 MLW Development, LLC 03-46588 740 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 2 Mirant Corporation (Amended) 03-46590 2,063 $192,445,007 $0 $4,687,958,676 $62,017 $43,906,677 $4,643,989,981
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 3 Mirant Americas Energy Marketing, LP 03-46591 751 $0 $709,710,002 $498,239,129 $211,470,873
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 4 Mirant Americas Generation, LLC 03-46592 749 $0 $0 $2,811,748,531 $1,580 $3,466,947 $2,808,280,004
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 5 Mirant Mid-Atlantic, LLC 03-46593 750 $1,181,144,876 $8,899,083 $5,014,298 $3,884,786 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 6 Mirant Americas, Inc 03-46594 712 $0 $0 $639,663,428 $0 $594,663,428 $45,000,000
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 7 Hudson Valley Gas Corporation 03-46595 711 $0 $95 $95 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 8 Mint Farm Generation, LLC (amended) 03-46596 713 $0 $489,638 $257,964 $231,674 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 9 Mirant Americas Development Capital, LLC 03-46597 643 $213,737,710 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 10 Mirant Americas Development, Inc. 03-46598 644 $0 $0 $9,643,120 $0 $9,643,120 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 11 Mirant Americas Energy Marketing Investments, Inc. 03-46599 645 $0 $0 $338,259 $0 $338,259 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 12 Mirant Americas Gas Marketing I, LLC 03-46600 647 $0 $0 $40,555 $0 $40,555 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 13 Mirant Americas Gas Marketing II, LLC 03-46601 648 $0 $0 $36,237 $0 $36,237 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 14 Mirant Americas Gas Marketing III, LLC 03-46602 650 $0 $0 $35,697 $0 $35,697 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 15 Mirant Americas Gas Marketing IV, LLC 03-46603 651 $0 $0 $35,266 $0 $35,266 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 16 Mirant Americas Gas Marketing V, LLC 03-46604 654 $0 $0 $34,836 $0 $34,836 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 17 Mirant Americas Gas Marketing VI, LLC 03-46605 656 $0 $0 $34,705 $0 $34,705 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 18 Mirant Americas Gas Marketing VII, LLC 03-46606 659 $0 $0 $34,452 $0 $34,452 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 19 Mirant Americas Gas Marketing VIII, LLC 03-46607 660 $0 $0 $34,286 $0 $34,286 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 20 Mirant Americas Gas Marketing IX, LLC 03-46608 653 $0 $0 $34,209 $0 $34,209 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 21 Mirant Americas Gas Marketing X, LLC 03-46609 662 $0 $0 $34,208 $0 $34,208 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 22 Mirant Americas Gas Marketing XI, LLC 03-46610 664 $0 $0 $34,212 $0 $34,212 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 23 Mirant Americas Gas Marketing XII, LLC 03-46611 666 $0 $0 $34,268 $0 $34,268 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 24 Mirant Americas Gas Marketing XIII, LLC 03-46612 668 $0 $0 $34,074 $0 $34,074 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 25 Mirant Americas Gas Marketing XIV, LLC 03-46613 670 $0 $0 $34,070 $0 $34,070 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 26 Mirant Americas Gas Marketing XV, LLC 03-46614 672 $0 $0 $34,180 $0 $34,180 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 27 Mirant Americas Procurement, Inc. 03-46615 673 $0 $0 $58,540 $7,244 $51,296 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 28 Mirant Americas Production Company 03-46616 675 $0 $0 $1,392 $0 $1,392 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 29 Mirant Americas Retail Energy Marketing, LP 03-46617 677 $0 $2,715,716 $3,000 $2,712,716 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 30 Mirant Bowline, LLC 03-46618 714 $0 $3,188,230 $2,123,268 $1,064,962 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 31 Mirant California Investments, Inc 03-46619 716 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 32 Mirant California, LLC 03-46620 718 $0 $2,293,973 $929,566 $1,364,407 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 33 Mirant Canal, LLC 03-46621 720 $0 $6,666,712 $2,849,142 $3,817,570 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 34 Mirant Capital Management, LLC 03-46622 679 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 35 Mirant Capital, Inc. 03-46623 681 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 36 Mirant Central Texas, LP 03-46624 722 $0 $0 $0 $0 $0 $0
Exhibit "A" Page 1 of 3
*565
 37 Mirant Chalk Point Development 03-46625 723 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 38 Mirant Chalk Point, LLC 03-46626 724 $0 $3,951,782 $2,869,929 $1,081,853 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 39 Mirant D.C. O&M, LLC 03-46627 646 $0 $0 $810,742 $510,840 $299,901 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 40 Mirant Danville, LLC 03-46628 649 $0 $0 $1,344 $0 $1,344 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 41 Mirant Delta, LLC 03-46629 725 $0 $3,794,247 $2,484,589 $1,309,658 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 42 Mirant Dickerson Development, LLC 03-46630 652 $0 $1,447 $0 $1,447 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 43 Mirant Fund 2001, LLC 03-46631 657 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 44 Mirant Gastonia, LLC 03-46632 658 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 45 Mirant Intellectual Asset Management and Marketing, LLC 03-46633 661 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 46 Mirant Kendall, LLC 03-46634 726 $0 $5,046,495 $1,467,910 $3,578,585 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 47 Mirant Las Vegas, LLC (amended) 03-46635 715 $0 $14,396,529 $307,086 $14,089,443 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 48 Mirant Lovett, LLC 03-46636 728 $0 $2,069,695 $1,273,007 $796,688 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 49 Mirant MD Ash Management, LLC 03-46637 727 $0 $472,551 $459,220 $13,330 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 50 Mirant Michigan Investments, Inc. 03-46638 665 $0 $0 $41,535 $56 $41,480 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 51 Mirant Mid-Atlantic Services, LLC 03-46639 667 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 52 Mirant New England, Inc. 03-46640 729 $0 $0 $1,089,524 $29,967 $1,059,557 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 53 Mirant New York, Inc. 03-46641 730 $0 $0 $484,638 $44,162 $440,475 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 54 Mirant NY-Gen, LLC 03-46642 731 $0 $252,065 $149,925 $102,140 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 55 Mirant Parker, LLC 03-46643 732 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 56 Mirant Peaker, LLC 03-46644 669 $0 $838,826 $769,048 $69,778 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 57 Mirant Piney Point, LLC 03-46645 734 $0 $715,719 $563,393 $152,326 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 58 Mirant Portage County, LLC 03-46646 671 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 59 Mirant Potomac River, LLC 03-46647 674 $229,791 $2,865,869 $924,533 $1,941,336 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 60 Mirant Potrero, LLC 03-46648 735 $0 $679,749 $320,655 $359,094 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 61 Mirant Services, LLC (Amended) 03-46649 2,064 $0 $16,034,944 $5,990,625 $795,518 $9,248,801
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 62 Mirant Special Procurement, Inc. 03-46650 736 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 63 Mirant Sugar Creek Holdings, Inc. 03-46651 676 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 64 Mirant Sugar Creek Ventures, Inc. 03-46652 678 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 65 Mirant Sugar Creek, LLC (amended) 03-46653 717 $0 $7,078,794 $1,202,344 $5,876,450 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 66 Mirant Texas Investments, Inc. 03-46654 737 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 67 Mirant Texas Management, Inc. 03-46655 738 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 68 Mirant Texas, LP 03-46656 739 $0 $1,604,100 $100,468 $1,503,632 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 69 Mirant Wichita Falls Investments, Inc. 03-46657 682 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 70 Mirant Wichita Falls Management, Inc. 03-46658 684 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 71 Mirant Wichita Falls, LP (amended) 03-46659 719 $0 $179,194 $84,233 $94,960 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 72 Mirant Wyandotte, LLC 03-46660 688 $0 $493,646 $408,547 $85,099 $0
Exhibit "A" Page 2 of 3
*566
 73 Mirant Zeeland, LLC (amended) 03-46661 721 $0 $5,478,184 $4,326,788 $1,151,396 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 74 Shady Hills Power Company, LLC 03-46662 687 $0 $2,896,454 $145,992 $2,750,462 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 75 West Georgia Generating Company, LLC 03-46663 685 $139,500,000 $4,903,791 $145,501 $4,758,290 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 76 Mirant EcoElectrica Investments I, Ltd. 03-47927 655 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 77 Puerto Rico Power Investment, Ltd. 03-47929 683 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 78 Mirant Wrightsville Investments, Inc. 03-49548 1,955 $0 $0 $3,148,586 $0 $3,148,586 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 79 Wrightsville Power Facility, LLC 03-49553 1,956 $204,053,688 $0 $3,460,322 $49,161 $3,411,161 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 80 Wrightsville Development Funding, LLC 03-49555 1,958 $0 $0 $195,211,335 $0 $1,800,000 $193,411,335
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 81 Mirant Wrightsville Management, Inc. 03-49556 1,959 $0 $0 $16,293 $0 $16,293 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 82 Mirant Americas Energy Capital, LP 03-91079 2,493 $0 $0 $20,000 $20,000 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 83 Mirant Americas Energy Capital Assets, LLC 03-91081 2,492 $0 $0 $0 $0 $0 $0
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 Total $1,931,111,072 $0 $9,161,939,050 $35,896,153 $1,214,641,900 $7,911,400,994
 -----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 * This document has been prepared merely to illustrate the court's concerns in these jointly administrated cases. No analysis has been performed and all figures were taken directly from
 the schedules filed by the debtors in the main case, Mirant Corp., case number 03-46590-DML-11.
 ** Legend of Columns Description
 Doc: Docket entry number of schedules filed in main case number 03-46590-DML-11
 Secured: From Summary of Schedules, Schedule D - Creditors Holding Secured Claims
 Unsec. Priority: From Summary of Schedules, Schedule E - Creditors Holding Unsecured Priority Claims
 Unsec. Non-Priority: From Summary of Schedules, Schedule F - Creditors Holding Unsecured Non-Priority Claims
 A/P: From first page of Schedule F, Accounts Payable
 Intercompany: From first page of Schedule F, Intercompany Liabilities
 Other: From all other items listed on first page of Schedule F other than Accounts Payable and Intercompany Liabilities
 *** This document has been sorted by "Case" not "Debtor."
 Note: Unpopulated fields are listed as "undetermined" in the schedules. Column "Other" is, however, always populated, whether listed as "undetermined" or otherwise because it is a
 compilation of "Unsec. Non-Priority" less the sum of "A/P" and "Intercompany."
Exhibit "A" Page 3 of 3

NOTES
[1] A number of subsidiaries of Mirant are not in cases before this court, including two that have undergone restructuring in Canadian courts.
[2] 11 U.S.C. §§ 101 et seq.
[3] The expansion of duties (sought in a footnote at the end of the pleading) that the MAG Committee has in mind is not, however, congruent with the court's determination in this order.
[4] Section 105(a) of the Code states:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
[5] Section 1106(b) provides, in pertinent part, "An examiner . . . shall perform . . . any duties of the trustee that the court orders the debtor in possession not to perform."
[6] The court does not mean to imply that the Examiner will have ex parte access to the court (except in the limited circumstances set forth in decretal ¶ 7 of this order). However, the Examiner will have the court's full attention and the court will give the Examiner's views the weight they deserve, given his status as a court-appointed, neutral fiduciary and given that the expansion of the Examiner's role, below, requires the Examiner to police certain aspects of these cases. Should the court conclude it necessary to change policies respecting ex parte contact with the Examiner, it will first inform the parties.
[7] The court has on occasion described its conduct of these cases as "unorthodox." In this the court has referred to these activities as well as orders it has entered to improve the efficiency of administration of these cases. These orders have given the parties and their professionals freedom from controls that the court believes would slow or impede the reorganization process. These orders include that Order Restricting Pursuit of Certain Persons (the "Protection Order"), which provides shelter from suit to professionals, managers of Debtors and members of committees; the Order Approving Specified Information Blocking Procedures and Permitting Trading in the Debtors' Securities, Bank Debt, Purchase or Sale of Trade Debt and Issuing of Analyst Reports Upon Establishment of a Screening Wall Effective July 25, 2003 (the "Continued Trading Order"), which allows entities represented on the committees to trade in Debtors' securities; and a series of orders addressing compensation of professionals (the "Compensation Orders") that streamline compensation procedures and delegate considerable authority to regulate fees and expenses to a committee formed of representatives of the UST, Debtors and the committees and chaired by a court-appointed expert (the "Fee Committee"). The court has also chosen to overlook the failure of some principal parties to comply with N.D. Tex. Local Rule 83.10, has permitted appearance of counsel by telephone, has effected changes to courthouse policy to assist counsel to the parties, and has made itself available to the parties for emergency hearings at almost any time. The court does not intend to alter these practices at this time.
[8] The Examiner has no economic stake in these cases, not even that of a trustee. Unlike a trustee, he has no operating responsibilities  which always create the possibility of inter-company favoritism.
[9] The Continued Trading Order is different, in that it may be terminated prospectively without undue inconvenience to the parties. The court addresses that possibility later in this order.
[10] Other Debtors have substantial debt, and most Debtors have at least some third-party debt as well as intercompany obligations. See Exhibit "A" attached hereto.
[11] There is case law to the effect that in this situation (especially given numerous inter-company claims) the same professionals should not represent all debtors. See In re BH & P Inc., 949 F.2d 1300, 1302 (3d Cir.1991) (counsel disqualified from representing multiple debtors because actual conflict exists where one bankruptcy estate has a claim against another bankruptcy estate); In re Lee, 94 B.R. 172, 180 (Bankr.C.D.Cal.1988) (adopting presumption that multi-debtor representation in related cases is per se improper). Some courts, however, have concluded otherwise. See, e.g., In re Howell, 148 B.R. 269, 271-72 (Bankr.S.D.Tex.1992) (stating that counsel's dual representation was both economically reasonable and legally appropriate and that whether counsel's dual representation is a conflict necessitating disqualification is a question of fact for the bankruptcy judge); In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr.S.D.Tex.1987) (mere existence of inter-company claims between related debtors not sufficient grounds requiring disqualification of firm representing multiple debtors in jointly administered cases). See also 3 COLLIER ON BANKRUPTCY ¶ 327.04[5][a] (15th ed. rev.1998) ("The case law suggests that, rather than disapproving of multi-debtor representation as a per se conflict, courts generally examine the factual circumstances surrounding the representation to determine whether it is appropriate."). In the case at bar professional costs are so high that multiple sets of professionals would frustrate any efforts at economy. Moreover, as Debtors have unitary management directing outside advisors, the court questions how much difference multiple professionals would make.
[12] The court again emphasizes that it is acting upon the totality of the record. As approximately 5,000 filings have occurred in these cases and there are thousands of pages of transcripts, it is not practicable for the court to detail all its concerns.